UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DICK ANDERSON CONSTRUCTION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:16-cv-00855-AGF |
| CARMODY CRANE, LLC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's response to the Court's Order to Show Cause why the Court should not grant James C. Ochs's motion to withdraw as counsel for Defendant Carmody Crane, LLC. Ochs stated in his motion that Defendant's sole managing member, Joseph D. Carmody, died on September 23, 2016; that Ochs did not know of any other contact person or address for Defendant; and that it was Ochs's understanding that Defendant did not have a succession plan and ceased to do business upon the death of Mr. Carmody. Therefore, in its Order to Show Cause, the Court also directed Plaintiff to advise the Court whether the death of Mr. Carmody extinguished Plaintiff's claim against Defendant, or whether a substitution of party was necessary under Federal Rule of Civil Procedure 25.

In its response to the Order to Show Cause, Plaintiff states that it does not object to Ochs's motion to withdraw as counsel for Defendant. The Court will therefore grant Ochs's motion. However, the Court advises all parties that, to the extent Plaintiff's claims against Defendant survive, Defendant must retain new counsel or risk default. *See, e.g., United States v. High Country Broad. Co*., 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."); *Elliott v. Thompson Nat'l Props., LLC*, No. 13-CV-0160-WJM-BNB,

2014 WL 6092182, at *2 (D. Colo. Nov. 14, 2014) (holding the same with respect to an LLC).

Plaintiff's response also states that "a determination of the effect of the death of Mr. Carmody cannot be made at this time," because Plaintiff needs to investigate whether Mr. Carmody's membership interest in Defendant has been assigned to someone else, or whether Mr. Carmody's personal representative has elected or will elect to continue Defendant's business within 90 days of Mr. Carmody's death, as Plaintiff asserts is permissible under the Missouri statute governing dissolution of limited liability companies, Mo. Rev. Stat. § 347.137(4)(a). Plaintiff asserts that if an election is made to continue Defendant's business, then this case will proceed against Defendant; and that if no election is made, then Defendant "effectively dissolves and terminates" and Mr. Carmody's executor or personal representative should be substituted as the proper party, as trustee for Defendant.[1] (Doc. No. 15 at 2-3.)

Plaintiff therefore requests that the Court postpone the show cause deadline until January 27, 2017, to allow Plaintiff to fully ascertain the impact of Mr. Carmody's death on Plaintiff's claims. The Court will grant this request and will stay this case until January 27, 2017, at which time Plaintiff must advise the Court whether and how it wishes to proceed.

Accordingly,

**IT IS HEREBY ORDERED** that James C. Ochs's motion to withdraw as attorney for Defendant is **GRANTED**. (Doc. No. 13.)

**IT IS FURTHER ORDERED** that this case is **STAYED** until **January 27, 2017**, at which time Plaintiff shall file an appropriate motion as to lifting of the stay. In such motion, Plaintiff shall advise the Court of the status of its claims.

**IT IS FURTHER ORDERED** that, in light of the stay, the Rule 16 conference previously scheduled for November 9, 2016 is **CANCELED**, to be reset, as appropriate, upon lifting of the

---

[1]     In either event, Plaintiff must bear in mind any new service obligations under Federal Rules of Civil Procedure 4 or 5.

stay.

**IT IS FURTHER ORDERED** that this case shall be deemed closed for statistical purposes

only, subject to reopening upon lifting of the stay herein imposed or other appropriate Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of October, 2016.